NO. **13CI04019**                           JEFFERSON CIRCUIT COURT
                                            DIVISION JEFFERSON CIRCUIT COURT
                                            JUDGE DIVISION THIRTEEN (13)

CAROLYN B. MCFARLAND, By and Through
KAREN COOPER, AS COURT-APPOINTED GUARDIAN                    PLAINTIFF

v.                          **COMPLAINT**

CHRISTOPHER EAST HEALTH CARE CENTER
OF LOUISVILLE KY, LLC
Formerly d/b/a/ CHRISTOPHER EAST HEALTH CARE CENTER
    <u>Serve</u>: CT Corporation System
        306 W. Main Street
        Suite 512
        Frankfort, Kentucky 40601
And

LAVONDA GREENE, LPN
    <u>Serve</u>: Lavonda Greene, LPN (Place of Employment)
        Christopher East Health Care Center
        4200 Browns Lane
        Louisville, Kentucky 40220
And

ASHLEY SHOCKLEY, LPN                                         DEFENDANTS
    <u>Serve</u>: Ashley Shockley, LPN (Place of Employment)
        Christopher East Health Care Center
        4200 Browns Lane
        Louisville, Kentucky 40220

*** *** *** *** ***

Comes now the Plaintiff, Carolyn B. McFarland, by and through Karen Cooper as Court-Appointed Guardian of Carolyn B. McFarland, by and through counsel, and for her Complaint against the Defendants, Christopher East Health Care Center of Louisville KY, LLC, d/b/a Christopher East Health Care Center, Lavonda Greene, LPN and Ashley Shockley, LPN, states as follows:

1. That the Plaintiff, Karen Cooper, is the daughter and Court-Appointed Guardian of Carolyn McFarland. As a direct result of the brain injury sustained by Ms. McFarland as complained of herein, Ms. McFarland, at the time the cause of action accrued and at all subsequent times, was and is mentally disabled and of unsound mind. A copy of the January 22, 2013 Disability Judgment, finding Ms. McFarland wholly disabled in managing both her personal affairs and financial resources, and Order of Appointment of Ms. Cooper as Guardian are attached hereto as Exhibits "A" and "B," respectively.

2. That the Defendant, Christopher East Health Care Center of Louisville KY, LLC, d/b/a Christopher East Health Care Center (hereinafter "Christopher East"), is, and at all relevant times hereto has been, a foreign company in good standing, licensed to do, and doing, business within the Commonwealth of Kentucky in Louisville, Jefferson County, Kentucky. Christopher East holds itself out to the public as a provider of inpatient skilled nursing care and rehabilitation, is located at 4200 Browns Lane, Louisville, Kentucky 40220, and is a "long-term-care facility" as defined by KRS 216.510.

3. That upon information and belief, Defendant Lavonda Greene, LPN, is, and at all relevant times hereto has been, a citizen and resident of Jefferson County, Kentucky and was employed at relevant times herein by Defendant Christopher East.

4. That upon information and belief, Defendant Ashley Shockley, LPN, is, and at all relevant times hereto has been, a citizen and resident of Jefferson County, Kentucky and was employed at relevant times herein by Defendant Christopher East.

5. That the acts and/or omissions complained of herein occurred in Louisville, Jefferson County, Kentucky.

6. That, at all times prior to July 12, 2008, Carolyn McFarland was living and functioning independently and at home on her own. On that date Ms. McFarland, then 78-years old, fell at her home, fractured her left hip, and consequently underwent a surgical fixation two days later by Dr. Donald Pomeroy. She was subsequently discharged from Suburban Hospital on July 20, 2008 and admitted to Hurstbourne Care Center for rehabilitation services until August 1, 2008. She was then transferred to, and became a "resident," as defined by KRS 216.510, of Christopher East beginning on or about August 1, 2008 and ending on or about October 7, 2008.

7. That, during the course of care and treatment of Carolyn McFarland, employees, servants, agents, and/or ostensible agents of Defendant Christopher East, including but not limited to Defendants Lavonda Greene and Ashley Shockley, failed to exercise the degree of skill and care expected of reasonably competent nurses, licensed practical nurses, certified nursing assistants, and medical providers acting under the same or similar circumstances. This care, or lack thereof, represents a significant and gross deviation from a minimally acceptable standard of care and was grossly negligent, wanton, and reckless.

8. That, specifically, on or about September 2, 2008 at approximately 4 p.m., Ms. McFarland fell in her room at Christopher East and struck her head on the floor. Although the Christopher East staff became aware of this fall within approximately 30 minutes, Ms. McFarland remained in her room, her head injury untreated and her brain hemorrhaging, for a lengthy period until she was eventually taken to Norton Suburban Hospital at approximately 5 a.m. on September 3, 2008 and diagnosed with brain hemorrhages and a traumatic brain injury.

9. That, among other negligent acts and/or omissions, Defendants Greene, Shockley, and other Christopher East employees negligently failed to insure that Ms. McFarland's call light was available and within reach at all times, failed to insure that her room was uncluttered and

free of fall hazards, failed to follow its own treatment plans related to fall risks, failed to otherwise provide for Ms. McFarland's safety, failed to timely provide or seek adequate medical attention for at least 11 hours after the fall, failed to timely notify a physician or supervisory staff, and failed to timely notify Ms. Cooper, Ms. McFarland's responsible party and daughter, of the incident.

10. That Defendants Greene and Shockley, as well as other Christopher East personnel who negligently cared for and treated Ms. McFarland, were employees of Defendant Christopher East at all relevant times and were acting within the course and scope of their employment, agency and/or relationship and Defendant Christopher East, as the master, is responsible and vicariously liable for the actions and/or inactions of Defendants Greene, Shockley, and its other negligent employees, servants, agents, and/or ostensible agents under the doctrine of respondeat superior.

11. That the actions complained of herein are in direct violation of KRS 216.515, and, pursuant to this statute, Plaintiff is therefore entitled to recover from Defendants her actual and punitive damages for deprivation of her rights as a resident, including entitlement to recovery of reasonable attorney's fees and costs of the action.

12. That, as a direct and proximate result of the Defendants' aforementioned negligence and/or gross negligence and careless conduct, Ms. McFarland sustained a traumatic brain injury, loss of mental functioning, extended hospitalizations and skilled nursing admissions, and other medical and mental impairments.

13. That, as a direct and proximate result of the Defendants' aforementioned negligence and gross negligence, Ms. McFarland has sustained damages, including past and

future medical expenses, compensatory damages, and past and future pain and suffering, all in excess of the jurisdictional limits of this Court.

14. That Plaintiff is entitled to punitive damages due to the aforementioned wanton, reckless, and grossly negligent medical care.

WHEREFORE, the Plaintiff respectfully demands relief from the Defendants as follows:

1. Judgment against the Defendants, jointly and severally, in an amount calculated to fairly and reasonably compensate the Plaintiff for the actual and compensatory damages sustained by her herein;

2. Punitive damages;

3. Pre-judgment interest;

4. Her costs herein expended, including a reasonable attorney's fee;

5. Trial by jury; and

6. Any and all other relief to which she may otherwise be properly entitled.

Respectfully Submitted,

James M. Bolus, Jr.
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 – Facsimile
bo@boluslaw.com

Michael A. Augustus
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 – Facsimile
mike@boluslaw.com

By: /s/ Michael A. Augustus
    Michael A. Augustus

LB 1367PG 186

| AOC-785<br>Rev. 3-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice<br>www.courts.ky.gov<br>KRS 387.590; 30A.145 | Doc. Code: JDIS | **DISABILITY JUDGMENT** | Case No. 12-H-00975-1<br>Court District<br>County JEFFERSON<br>Division ~~Probate~~ GUARDIANSHI |
|---|---|---|---|

KAREN COOPER
  PETITIONER,

VS.

CAROLYN B. MCFARLAND
  RESPONDENT

1/24/1931     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
Date of Birth / Social Security Number (not required)

CERTIFIED COPY OF RECORD
OF JEFFERSON DISTRICT COURT
1/22/13
DAVID L. NICHOLSON, CLERK
BY: _[signature]_ D.C.

* * * * * * * * * * *

The Respondent, having been duly examined, represented by counsel and ☐ present ☒ not present in court before a jury, which returned a verdict of:

☐ Not disabled in managing his/her ☐ personal affairs or ☐ financial resources.
☐ Partially disabled in managing his/her ☐ personal affairs ☐ financial resources.
☒ Wholly disabled in managing his/her ☐ personal affairs ☐ financial resources ☒ both personal affairs and financial resources.

IT IS HEREBY ORDERED that the Respondent:

☐ Is not disabled as defined in KRS 387.
☐ Is partially disabled in managing his/her ☐ personal affairs ☐ financial resources as defined in KRS 387 and a ☐ limited guardian ☐ limited conservator shall be appointed.
☒ Is wholly disabled in managing his/her ☐ personal affairs ☐ financial resources as defined in KRS 387 ☒ both personal affairs and financial resources as defined in KRS Chapter 387 and a ☒ guardian ☐ conservator shall be appointed.

THE COURT FURTHER ORDERS, pursuant to KRS 387.580(3)(c) and 387.590(10), regarding the right to vote (check one):

☐ The right to vote SHALL be retained.
☒ The right to vote SHALL NOT be retained. Finding(s): _Cannot understand the process_. (Clerk: If this box is checked, mail certified copy to State Board of Elections, 140 Walnut Street, Frankfort, Kentucky 40601).

There being no just cause for delay, this is a final and appealable order.

1/22/13                                    _[signature] Annette Karem_
Date                                        Judge

Copy Distribution:
  Original - Court File
  Certified Copies - Guardian / Conservator
                     County Clerk
                     State Board of Elections (only if Respondent shall not retain the right to vote.)
Copies - Petitioner / Attorney
         Respondent / Attorney
         All persons / entities named on Petition
         Facility where or person with whom Respondent resides

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JAN 22 2013
BY: _[signature]_ DEPUTY CLERK

Please print or type the Judge's name in the space provided below:

Document No.: DN2013011835
Lodged By: MCFARLAND
Recorded On: 01/22/2013  01:46:58
Total                5.00
Transfer Tax:         .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG

END OF DOCUMENT

EXHIBIT A

| | | |
|---|---|---|
| AOC-775  Doc. Code: OAG<br>Rev. 3-07<br>Page 1 of 2<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>KRS 387.590; 30A.145 | **ORDER OF APPOINTMENT<br>OF GUARDIAN** | Case No. __12-H-00975-1__<br>Court __GUARDIANSHIP__<br>County __JEFFERSON__ |

COMMONWEALTH OF KENTUCKY ex rel

__KAREN COOPER__

PETITIONER

VS.

__CAROLYN B. MCFARLAND__

RESPONDENT

\* \* \* \* \* \* \* \* \* \* \*

TO: __KAREN COOPER__
(Name)

__4004 NACHAND LANE__

__LOUISVILLE,   KY   40218__
Address

YOU ARE HEREBY APPOINTED ☑ Guardian ☐ Limited Guardian of the Respondent and your bond is fixed at the sum of $ __20,000 w/cs__.

YOU SHALL perform all orders and decrees of this Court required of you; and further, you shall file with this Court:

☑ An annual report of the personal status and condition of your ward. KRS 387.670.

☑ An inventory of your ward's property within 60 days of this appointment. KRS 387.710(1).

☑ A report and financial account of the personal status and financial condition of your ward ~~bienially~~ *annually* within 120 days after the anniversary date of appointment. KRS 387.710(2).

☑ Upon termination of this appointment, you shall forthwith submit a final report in accordance with KRS 387.670(4) and 387.710(3).

RIGHT TO VOTE (check one): Pursuant to the Disability Judgment entered of record in this action, the respondent:
☐ SHALL    ☑ SHALL NOT    retain the right to vote.

If this order is for LIMITED GUARDIANSHIP, the specific legal rights to which the ward is legally deprived are the rights to: ☐ dispose of property, ☐ execute instruments, ☐ enter into contractual relationship, ☐ determine living arrangements, ☐ consent to medical procedures, ☐ obtain a motor vehicle operator's license and ☐ other _____

Your powers and duties are LIMITED to: ☐ disposing of property, ☐ executing instruments, ☐ entering into contractual relationships, ☐ determining living arrangements, ☐ consenting to medical procedures, and ☐ other _____

**SALE OF REAL ESTATE REQUIRES A SPECIAL COURT ORDER GRANTING SALE**

EXHIBIT B

AOC-775      Doc. Code: OAG
Rev. 3-07
Page 2 of 2

If one is designated, the standby guardian is:

Name: _____

Address: _____

_____

THIS ORDER EXPIRES ON: _____

There being no just cause for delay, this is a final and appealable order.

_____      _____
Date      Judge

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JAN 2 2 2013
BY _____ DEPUTY CLERK

Please print or type the Judge's name in the space provided below:

_____

* * * * * * * * * * * *

To Be Completed on Copies Only:

I, __**DAVID L. NICHOLSON, CLERK**_____, Clerk of the ___Jefferson_____ District Court, do hereby certify that this is a true and correct copy of the Order of Appointment of Guardian as recorded in my office.

This Order and Qualification is in full force and effect.

__June 28, 2013__      **DAVID L. NICHOLSON, CLERK**
Date      Signature

Copy Distribution:
     Petitioner / Attorney / County Attorney
     Respondent / Attorney
     All persons named in petition
     Facility where or person with whom respondent resides

Certified Copies:
     Guardian / Conservator
     County Clerk. Petitioner is res~~~~nsible for recording fee.

CERTIFIED COPY OF RECORD
OF JEFFERSON DISTRICT COURT 6-28-13
DAVID L. NICHOLSON, CLERK
BY _____ D.C.

| | | |
|---|---|---|
| AOC-105　Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice　www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **13CI04019**<br>Court　✓ Circuit ☐ District<br>　　　JEFFERSON CIRCUIT COURT<br>County　Jefferson THIRTEEN (13) |

**PLAINTIFF**

CAROLYN B. MCFARLAND By and Through KAREN COOPER,
AS COURT-APPOINTED GUARDIAN

VS.

**DEFENDANT**

CHRISTOPHER EAST HEALTH CARE CENTER OF LOUISVILLE KY, LLC
Formerly d/b/a CHRISTOPHER EAST HEALTH CARE CENTER

**Service of Process Agent for Defendant:**
CT Corporation System

306 W. Main Street, Suite 512

Frankfort　　　　　　　　　　　　　　　　Kentucky　　　40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

　　You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

　　The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: AUG - 8 2013, 2____　　　　　DAVID L. NICHOLSON, CLERK _____ Clerk
　　　　　　　　　　　　　　　　　　By: _____ ʼŋ β _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2_____.

　　　　　　　　　　　　　　Served by: _____

　　　　　　　　　　　　　　　　　　　　_____ Title

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 AUG 13 AM 11 42

CLERK 2

BY_____ D.C.

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    13CI04019

    Ashley Shockley, LPN
    At Place of Employment
    Christopher East Health Care
    4200 Browns Lane
    Louisville Ky 40220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

   AUG 0 9 2013

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number
   (Transfer from service label)    7012 2210 0002 7252 0230

PS Form 3811, February 2004    Domestic Return Receipt    102595-0

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 AUG 13  PM 12 13

CLERK 2

BY _____ D.C.



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  AUG 1 2 2013  ☐ Agent ☐ Addressee<br>X<br>B. Received by (Printed Name) Christian Bast   C. Date of Delivery<br>D. Is delivery address different from item 1?<br>If YES, enter delivery address below:   ☐ Yes ☐ No |
| 1. Article Addressed to:<br>13CI04019<br>CT Corporation System<br>306 W. Main St.<br>Suite 512<br>Frankfort, Ky 40601 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7812 2210 0002 7252 0254 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02 |