UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-878-H

CAROLYN B. MCFARLAND, by and through          PLAINTIFF
KAREN COOPER, as Court-Appointed GUARDIAN

v.

CHRISTOPHER EAST HEALTH CENTER OF LOUISVILLE, LLC,
SHAVONDA GREENE, and
ASHLEY SHOCKLEY                                DEFENDANTS

**MEMORANDUM ORDER AND OPINION**

This matter is before the Court on Plaintiff's motion to remand for lack of diversity jurisdiction. The motion requires the Court to determine whether these circumstances require the Court to ignore the non-diverse citizenship of a named defendant. Here, the Court finds no reason in fact or law to ignore the non-diverse party.

Plaintiff, Mrs. McFarland ("McFarland"), is an 81-year-old woman who resided for a brief period at the Christopher East Health Center. Her daughter Karen Cooper ("Plaintiff") is her legal guardian. After McFarland suffered a fall and was diagnosed with brain hemorrhages and traumatic brain injury on September 3, 2008, Plaintiff on her behalf alleged nursing negligence and violation of her long-term resident's rights under Kentucky law. Plaintiff filed suit in state court on August 8, 2013. Thirty-one days afterward, Defendants moved to dismiss on the grounds that Plaintiff's claims are time-barred. Two days later, on September 11, 2013, Defendants removed to this Court on the grounds of diversity jurisdiction.

No one disputes that the amount in controversy exceeds $75,000 exclusive of costs and interest. However, diversity of citizenship is a more complicated question. For diversity

purposes, Plaintiff's citizenship is Kentucky; Heartland's is Ohio and/or Delaware; Ashley Shockley's is Indiana; and, according to the complaint, the third Defendant, Shavonda Greene, is a citizen and resident of Kentucky.[1]

First, Defendants argue that Greene's Kentucky citizenship is immaterial because she is no longer a party due to Plaintiff's failure to serve her with summons by the time of removal. Diversity is determined at the time of removal. *See, e.g.*, *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Under both Kentucky and federal procedural law, Greene was still a party at the time of removal. Kentucky's rules do not provide a sum certain number of days within which a plaintiff must effectuate service of process before a claim is dismissed. *Compare* Ky. CR 4 (articulating the rules for serving process but specifying no deadline by which it must be accomplished), *with* Fed. R. Civ. P. 4(m) (specifying a deadline of 120 days to serve process on a defendant before "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Although Plaintiff was unsuccessful in her attempt to serve Greene at Heartland, which is apparently Greene's former employer now, no immediate consequences ensue under Kentucky's Rules of Civil Procedure.[2] That summons had not been served within one month after the complaint does not make Greene a non-party to the action and her citizenship must be considered in determining whether federal jurisdiction is proper. *Accord Darsie v. Cone*, 2010 WL 2923285 (E.D.Ky. 2010).

---

[1] The complaint also alleges that Shockley is a resident and citizen of Kentucky. Plaintiffs appear to concede Defendants' correction that Shockley was a resident and citizen of Indiana at the time Plaintiff's action was filed.

[2] While no set deadline is specified by the rules, a plaintiff in a Kentucky court who fails to serve process in a timely manner runs the risk of having her case involuntarily dismissed. *See* Ky. CR 41.02 (allowing for involuntary dismissal where the plaintiff fails to prosecute or comply with the rules); Ky. CR 77.02(2) (mandating that trial courts check their dockets once per year for cases where there is a failure to prosecute); *Kentucky Bar Ass'n v. Geller*, 211 S.W.3d 58, 59 (Ky. 2007) (reciting various charges against an attorney, including his suspension for three years for failing to effectuate process on defendants which led to his client's action being dismissed for failure to prosecute).

In the alternative, Defendants attempt to discount Greene's Kentucky citizenship under the theory of fraudulent joinder. That Plaintiff here ended up being wrong about Shockley's residence and citizenship does not establish that she is also wrong about Greene or that she has "fraudulently pleaded jurisdictional facts" to purposefully defeat federal jurisdiction. *Averdick v. Republic Fin. Servs.*, 803 F. Supp. 37, 43 (E.D. Ky. 1992). More pertinent, Plaintiff does appear to have "no colorable cause of action" against the non-diverse defendant. Consequently, Defendant cannot establish fraudulent joinder.

The Court notes that the applicable rules do not necessarily preclude a second removal here were the state court to dismiss the claims against Greene upon remand. Neither that issue nor the question of the statute of limitations is relevant to the question of remand.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for remand (DN 4) is SUSTAINED and this case is remanded to Jefferson Circuit Court.

cc: Counsel of Record
Jefferson Circuit Court